953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Franklin GARDNER, Defendant-Appellant.
 No. 91-5028.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 4, 1991.
Decided Jan. 17, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury, No. CR-90-268-S, Richard C. Erwin, Chief District Judge.
 Susan Hayes, Ernest Raymond Alexander, Jr., Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul Alexander Weinman, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Todd Franklin Gardner appeals from the judgment entered by the district court following a jury verdict finding him guilty of possessing a firearm after a felony conviction. 18 U.S.C. §§ 922(g)(1) & 924(e)(1). Because we find the evidence sufficient to support the jury's determination that Gardner knowingly possessed the firearm, we affirm his conviction.
 
 
 2
 A jury verdict of guilty "must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, "viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (citations omitted). This Court must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences. Id.
 
 
 3
 Gardner was convicted under 18 U.S.C. § 922(g) (1988), which provides: "It shall be unlawful for any person--(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; ... to ... possess in or affecting commerce, any firearm or ammunition...." Gardner contends that insufficient evidence was presented to prove he knowingly possessed a .22 revolver. Gardner does not challenge the sufficiency of evidence relating to other elements of the offense.
 
 
 4
 At trial, two officers with the county sheriff's department testified that they had visited Gardner at Woodrow's Garage in Thomasville, North Carolina, Gardner's place of employment. During the visit, one of the officers greeted Gardner by name and shook his hand, causing him to lean forward as he did so. As Gardner leaned forward, the other officer saw and retrieved a loaded .22 revolver stuck down in the back of Gardner's pants. Gardner later told one of the officers that he merely had the pistol for protection.
 
 
 5
 Gardner contends that this evidence is insufficient because of other evidence tending to prove that the gun was thrust into his hands for only two minutes when he had not asked for it, did not want it, and had no plans to use it. None of this evidence was necessary to the Government's case. Construing the evidence in the light most favorable to the Government, the Court concludes that the jury discredited the evidence upon which Gardner premises his appeal.
 
 
 6
 The evidence favoring the Government, outlined above, is sufficient to support the jury's conclusion that Gardner knowingly possessed a firearm. We therefore affirm his conviction.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.